UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/5/2022
```

**TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND ET AL,**

           **Petitioners,**

-against-

**EXTERIOR ERECTING SERVICES, INC.,**

           **Respondent.**

21-cv-2408 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

On March 19, 2021, Petitioners commenced this action to confirm and enforce an arbitration award against Respondent Exterior Services, Inc. Respondent has neither responded to the petition nor appeared in this action. The Court grants the petition to confirm.

## BACKGROUND

Petitioners include the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, The Carpenter Contractor Alliance of Metropolitan New York ("the Funds"), and the New York City District Council of Carpenters (the "Union" and together with the Funds "Petitioners"). Respondent is engaged in the construction industry in New York State and was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5) and section 501 of the LMRA, 29 U.S.C. § 142.

The Union is a labor organization and the certified bargaining representative for certain employees of Respondent. Pet. ¶ 7. During the relevant time period, Respondent was bound to an agreement between the Association of Wall-Ceiling & Carpentry Industries of New York, Incorporated (the "Association") and the Union. *Id.* ¶¶ 9, 11. This agreement required Respondent to remit certain amounts of contributions to the Funds, *id.* ¶ 14, and to abide by the policies adopted by the Funds, *id.* at ¶ 17-26.

The parties became entangled in a dispute concerning Respondent's failure to provide Petitioners' access to its books and records as required. *Id.* ¶ 27. Petitioners initiated arbitration, and, despite having notice of the hearing date, Respondent did not appear at the arbitration proceeding. *Id.* at ¶ 28. The arbitrator and Petitioners proceeded in Respondent's absence, and on November 21, 2020, the arbitrator entered an award in Petitioners' favor. *Id.* ¶ 22.

The arbitrator found Respondent violated the CBAs when it failed to remit contributions to the Funds and ordered the Respondent to pay the Funds $75,404.22, consisting of: (1) the principal deficiency contained in the Audit of $16,307.67; (2) interest on the Audit deficiency of $3,872.17; (3) liquidated damages of $3,872.17; (4) late payment interest of $36,533.73; (5) promotional fund contributions of $87.38; (6) additional interest covering December 26, 2012 through March 31, 2015 of $4,146.69; (7) outstanding audit costs covering December 26, 2012 through March 31, 2015 of $3,728.25; (8) court costs of $400; (9) attorneys' fees of $1,500; (10) the arbitrator's fee of $1,000; and (11) audit costs of $7,249.56, less a payment received of $3,293.10.  *Id.* ¶ 30.

The arbitrator also found that Respondent violated the CBAs when it failed to make its books and records available to the Funds for the purpose of conducting an audit for the period June 14, 2017 through August 21, 2018.  The arbitrator ordered Respondent to pay the Funds the

sum of $317,202.34, consisting of: (1) the estimated principal deficiency of $225,409.47; (2) interest of $44,310.98; (3) liquidated damages of $45,081.89; (4) court costs of $400; (5) attorneys' fees of $1,500; and (6) the arbitrator's fee of $500. *Id.* ¶ 31.

Petitioners filed this action to confirm its arbitration award on March 19, 2021 and filed an affidavit of service on April 1, 2021. On April 28, 2021, the Court ordered Respondent to show cause why the Petition to Confirm Arbitration should not be deemed unopposed. To date, Respondent has not appeared or responded to Petitioners' motion to confirm their arbitration award. The Court now resolves the unopposed motion.

## DISCUSSION

Where the non-moving party fails to respond to the motion for default judgment, the petition to confirm the arbitration award should be treated as an unopposed motion for summary judgment. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006). The court will uphold the arbitrator's decision so long as there is a "barely colorable justification" for the award. *Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

Here, Respondent has failed to respond to the current action or appear at the underlying arbitration. Respondent has not made any objections related to the current motion or to the conduct of the arbitration. After examining Petitioners' submissions, the Court confirms the arbitrator's award because there is more than colorable justification for its outcome.

## CONCLUSION

For the above reasons, the Court grants the petition, the award is confirmed, and judgment is entered in Petitioners' favor as follows:

1. Awarding Petitioners $392,606.86, as against Respondent, representing the Awards plus interest from the date of the Awards through the date of judgment to accrue at the annual rate of 5.25% pursuant to the Awards;

2. Awarding Petitioners $75 in court costs and service fees arising out of the proceeding;

3. Awarding Petitioners $3,714.50 in attorney's fees arising out of the proceeding; and

4. Awarding Petitioners post-judgment interest at the statutory rate.

The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

Dated:　October 5, 2022
　　　　　New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**